RTF:CSK

**M-08-163**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

To Be Filed Under Seal

UNITED STATES OF AMERICA

- against -

EDWARD VAYSMAN,

Defendant.

AFFIDAVIT IN
SUPPORT OF
APPLICATION FOR
ARREST WARRANT

(18 U.S.C. § 1341)

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

RICHARD CINNAMO, being duly sworn, deposes and says that he is a Postal Inspector with the United States Postal Inspection Service, duly appointed according to law and acting as such.

Upon information and belief, on or about and between September 2004 and February 2006, within the Eastern District of New York and elsewhere, the defendant EDWARD VAYSMAN did knowingly and intentionally devise a scheme and artifice to defraud the City of New York, and to obtain money and property held in trust by the City of New York, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause mail matter to be delivered by the United States Postal Service, in violation of Title 18, U.S. Code, Section 1341.

(Title 18, United States Code, Section 1341).

The source of your deponent's information and the

grounds for his belief are as follows:[1]

1.  I have been a Postal Inspector with the United States Postal Service for approximately ten years. During my employment with the Postal Service, I have been assigned to a squad that investigates white collar frauds, including offenses involving wire, bank, mail and securities fraud. This affidavit is based on information that I have obtained through my personal participation in the investigation of the activities of the defendant.

2.  When a local property is sold in a foreclosure auction, the City of New York retains any amounts recovered in excess of the defaulted owner's outstanding debt. The owner is then eligible to receive those surplus funds by filing an appropriate petition in New York State Supreme Court. Throughout the relevant period, the defendant EDWARD VAYSMAN, through his company "SAS Recovery Services, Inc.," held himself out as a representative authorized by several such debtors to collect surplus auction proceeds on their behalf.

3.  Over the course of my investigation, I have obtained copies of five written agreements between individual named clients and Vaysman's company, SAS Recovery Services, Inc.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not set forth all of the facts and circumstances of which I am aware.

2

(the "Agreements"). Each of those Agreements includes a purported client signature and authorizes SAS Recovery Services, Inc. to collect "all surplus monies" on the client's behalf following the sale of his or her property at auction.

4. I have confirmed that petitions were filed in New York State Supreme Court in the names of each of the five individuals named in the Agreements seeking the recovery of surplus auction proceeds from the sale of their properties. Three of the petitions were filed in New York State Supreme Court, Kings County.

5. I have confirmed with the City of New York that each of the five properties listed in the Agreements were in fact sold at auction and that each auction resulted in the collection of surplus funds. I have also obtained copies of checks that the City of New York mailed to Vaysman's counsel in Kings County for the benefit of Vaysman's supposed clients.

6. I have spoken directly with one of the supposed Vaysman clients named in the Agreements. This individual reported that he had never authorized VAYSMAN to represent him in any capacity, had not signed any agreement, and had been unaware, prior to speaking with me, that the City of New York had paid surplus auction proceeds for his benefit.

7. I have also spoken with the adult children of two more of Vaysman's supposed clients. I learned during those

3

interviews that both of these individuals had died years before they supposedly entered into the Agreements authorizing Vaysman, through SAS Recovery, to act on their behalf.

8. I have also spoken to a woman with the same name as a defaulted owner who Vaysman purported to represent. Vaysman used this woman's identification to verify his representation of the named owner. This woman reported that she did not know Vaysman, did not sign any agreement, did not provide him with her identification, and did not authorize him to represent her in any capacity.

9. I have been unable to locate the fifth supposed Vaysman client named in the remaining written Agreement, but, as reported below, the bulk of the surplus auction proceeds paid by the City of New York for the benefit of that individual were deposited into a bank account in the name of Vaysman's company, SAS Recovery.

10. The five checks issued by the City of New York and mailed to Vaysman's counsel for the benefit of Vaysman's five supposed clients total approximately $710,000. I have collected and reviewed bank records and confirmed that a substantial portion of those proceeds were deposited into accounts that

Vaysman opened, using photographic identification, in the name of his business, SAS Recovery.

WHEREFORE, your deponent respectfully requests that the defendant EDWARD VAYSMAN be dealt with according to law.

WHEREFORE, your deponent further requests that this Affidavit be sealed until further notice of the Court.

*[signature]*
RICHARD CINNAMO
Postal Inspector
United States Postal Service

Sworn to before me this
\_\_th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

Case 1:08-mj-00163-JMA   Document 1   Filed 02/19/08   Page 6 of 6